## Commonwealth v. Davis

*Joseph Canuso, Assistant District Attorney*, for Commonwealth.
*Richard E. Johnson*, for defendant-petitioner.

RIBNER, *J.*, February 8, 1982—Defendant, James Davis, was convicted of first degree murder in a non-jury trial before the Honorable Juanita Kidd Scout on February 26, 1981. At a hearing before the homicide calendar judge, the writer of this opinion, on November 16, 1981, defendant's request for removal of his attorney and the appointment of new counsel was denied. The background of this particular matter and the problems engendered by the movement of counsel in and out of homicide cases in the city of Philadelphia are set forth hereinafter.

At the November 16 hearing, the court examined the petition of Mr. Davis entitled, "Motion for the Withdrawal of Counsel as Ineffective and for the Appointment of Other Counsel on Appeal" (sic). This motion closely parallels numerous other motions that are filed by many defendants based upon "boilerplate" forms prepared by someone and is-

sued on a wholesale basis to defendants, especially those in custody.*

Defendant Davis claimed in his petition that he did not have proper communication with his attorney, that the latter did not establish an effective defense nor did he bring forth witnesses who could establish the innocence of defendant. This court asked defendant at the hearing to explain his position fully in order to establish whether there was any reason whatsoever to appoint a new attorney at this stage of the proceedings to go through the entire record, with all the attendant delays which would result, in order to argue the ineffectiveness of counsel issue. Defendant's attorney, Richard E. Johnson, a member of the Philadelphia Bar and an experienced and able attorney, explained his efforts to try and find any witnesses and further pointed out that defendant was on bail and had the time and opportunity to produce the alleged witnesses but he completely failed to do so on his own behalf. With regard to another witness, defendant's counsel pointed out that she was a prosecution witness and indeed testified against defendant. Defendant's counsel impressed this court with his

---

*See petition attached herewith entitled Commonwealth of Pennsylvania v. Richard R. Mitchum. In the Mitchum case, defendant had an experienced attorney appointed to represent him, complained that he wanted a new attorney which this court allowed, and then finally decided he wanted the original attorney back and would not work with the second attorney provided for him so that a third special appointment was made for the original attorney. Following his conviction, defendant Mitchum then asked for still another attorney on the ground that his counsel was ineffective. This merely serves as one example out of many available, showing the repetitious, dilatory and wasteful nature of these numerous petitions.

statement that he did everything he could to represent defendant properly, he made efforts to obtain the witnesses, through defendant, but that defendant made no effort to secure any information upon which his counsel could act. At the time of the hearing, defense counsel had filed the necessary brief on appeal and was still representing defendant to the fullest extent possible. Defendant Davis apparently was unhappy with the result of the trial and was merely attempting to create a new issue which was simply not in existence during the November 16 hearing. At that point, this court denied the request to remove Mr. Johnson as counsel and the findings of the court were set forth on the record to the effect that there was a finding that no other attorney would have done any more than this attorney did, defendant was effectively represented, and that no other attorney would find any basis for a claim of inadequate representation.

Had there been any basis whatsoever for an intelligent argument that Mr. Davis was not adequately represented, this court would have appointed new counsel to present that issue, but such an appointment in this case would have been totally futile, a total waste of time, effort and money, and would have continued the process of causing us more and more problems in dealing with the enormous backlog presently existing in this county. While this court is always mindful of every constitutional right guaranteed to every defendant, and scrupulously examines every claim and every record in every proceeding to make sure that no constitutional rights are taken away from any defendant, there is a line beyond which no court should be forced to go in re-hashing useless issues, and searching for some possible reason for finding out why a defendant was convicted, or in giving

defendants relief asked for as a result of numerous petitions and claims that have no merit.

It is becoming commonplace in numerous cases in our homicide program for defendants to attempt to secure different counsel prior to the case going on trial and apparently it is becoming routine in almost every case after a conviction for defendants to claim that one of the issues on appeal should be ineffective assistance of counsel. If this process is carried to its ultimate conclusion, every defendant should be entitled to a new attorney any time he claims ineffectiveness on the part of his attorney, and if he doesn't get the desired relief, he should be allowed to get the next attorney who will then examine whether the first examination for ineffectiveness was in itself effective, and then the third attorney would examine the effectiveness of the first two, etc. ad infinitum. The people of this Commonwealth are beginning to become very restless because of the seeming lack of finality of judgments in criminal cases which, when added to the ever growing influx of new cases, may well cause our system to become virtually unmanageable in the foreseeable future. During the year 1980, the last year for which complete statistics are available to this court at this momemt, there were 334 new homicide cases received and 301 disposed of. If new counsel are continually appointed in pending cases and appointed in every case where there is a conviction in order to raise frivolous arguments about ineffectiveness of counsel, the losing battle we are now waging is going to turn into a complete rout. A quick glance at our records for a representative period from September 8, 1981, until February 5, 1982, reveals the flood of these petitions for new counsel, and illustrates why this court felt on November 16 that there was no argu-

able basis or need for new counsel to argue the ineffectiveness issue.

1. September 8, 1981, Com. v. Lopes, after conviction, counsel allowed to withdraw.

2. October 14, 1981, Com. v. Mitchum, petition for new counsel granted.

3. October 20, 1981, Com. v. Knight, petition for new counsel denied.

4. October 20, 1981, Com. v. Austin, after conviction, new counsel appointed.

5. October 29, 1981, Com. v. Pakalinsky, attorney allowed to withdraw because of possible conflict.

6. October 29, 1981, Com. v. Robinson, petition for new counsel, after conviction, denied, after claim that counsel had not produced a witness but at hearing it was determined that the witness had an attorney who advised the witness not to testify citing the Fifth Amendment.

7. November 9, 1981, Com. v. Maxwell, petition for new counsel after conviction where defendant claimed that his attorney gave his statements to the prosecution, but at the hearing it developed that it was his wife who gave those statements of events to the prosecutor.

8. November 10, 1981, Com. v. Brown, Jr., petition for withdrawal of counsel allowed by court.

9. November 18, 1981, Com. v. Ross, after conviction court allowed appointment of new counsel.

10. December 1, 1981, Com. v. Hussman, request for new counsel denied at post-trial stage, after conviction, where there was a wholly unsubstantiated claim that counsel was ineffective.

11. December 2, 1981, Com. v. Easley, defendant announced he would not cooperate with counsel after a murder conviction and appointment of new counsel denied.

12. December 11, 1981, Com. v. Admiral Perry, defendant had already been given a different attorney and then asked for the removal of the second counsel, where defendant demanded that counsel file a motion to dismiss under Rule 1100, but defense counsel said he could find no rational basis for filing such a motion and would not do so. Motion to grant new counsel denied.

13. December 17, 1981, Com. v. Lopez, counsel allowed to withdraw because of a conflict.

14. December 24, 1981, Com. v. Gray, defense counsel allowed to withdraw because of possible involvement as a witness.

15. January 18, 1982, Com. v. Ruffin, after conviction of second degree murder, with a form request alleging ineffectiveness but with no evidence of such, new counsel denied.

16. January 19, 1982, Com. v. DeKeyser, following conviction of first degree murder, defendant raised issue of ineffectiveness with generalizations but could advance no specific reasons and new counsel denied after hearing.

17. February 5, 1982, Com. v. Seawright, new counsel appointed where proceedings were not going forward properly.

As can be seen by the few examples set forth above, this is becoming an ever growing problem and no one case can be examined in a vacuum. Without belaboring this point to a great extent, this court would merely point out some of the excellent language set forth in the case of The People v. Eckstrom, 43 C.A. 3d 996; 118 Cal. Rptr. 391 (1974), wherein the appellate court stated the following:

"So, too, a program of persistent and consistent attacks on the competency of trial counsel, even though such attacks are usually unwarranted,

cannot but have a deleterious effect on the legal profession. Since People v. Ibarra, 60 Cal. 2d 460 [34 Cal. Rptr. 863, 386 P. 2d 487], such attacks have become increasingly commonplace—being presented in case after case with almost robot-like monotony.

Of course, if in all or a substantial portion of these cases this contention had merit, it would be a scathing commentary on the ability of the legal profession to afford adequate representation to those charged with criminal offenses. The truth of the matter is that in the vast majority of cases the contention totally lacks substance. A careful, objective review of the record usually reveals that trial counsel was a capable, competent (and if a public defender, overworked, underpaid and unappreciated) attorney who, usually faced with overwhelming odds, gave his client a vigorous, skilled and dedicated representation. The fact that trial counsel has been unsuccessful in those cases which come before us is usually no reflection on that attorney. It is very difficult to secure an acquittal when the district attorney has all the firepower. A true legal genius, a trial lawyer who combines the attributes of Daniel Webster, Clarence Darrow and all those currently popular advocates who write books about themselves, cannot do more in some cases except to insure that his client's legal rights are protected and that he gets a fair trial. The fact that there is a conviction is immaterial. Some defendants simply *are* guilty, and their guilt can be overwhelmingly established by legally admissible evidence while at the same time giving full recognition to their legal and constitutional rights.

Nevertheless, these attacks on trial counsel continue with monotonous regularity. It is under-

standable that the individual defendant, faced with unpleasant consequences of his own irresponsible behavior and being affected with man's notorious reluctance to admit error or to face up to his own mistake, will strike out blindly at all who had anything to do with his predicament—witnesses, victims, judges, prosecutors, jurors, the whole law enforcement and judicial process—and, unfortunately, his own attorney. However, the frequency with which appellate counsel present this issue is distressing. After all, appellate counsel is blessed with the gift of hindsight as he leisurely picks over the carcass of a dead lawsuit. He is not confronted with the minute to minute and second to second strategic and tactical decisions which must be made by the trial lawyer during the heat of battle. There is nothing in In re Smith, 3 Cal. 3d 192 [9090 Cal. Rptr. 1, 474 P. 2d 969], or in People v. Feggans, 67 Cal. 2d 444 [62 Cal. Rptr. 419, 432 P. 2d 21], which says that an appellate attorney should abdicate his responsibilities as a professional man and become the lackey of his client. It is the lawyer, not the client, who after a review of the record, chooses the issues. Doctors do not allow patients to diagnose their own ailments, and self-help brain surgery is quite rare. Just because a convicted defendant is unhappy with his trial representation does not mean that counsel on appeal must maintain a full scale attack on trial counsel. If, in his study of the record, it is appellate counsel's professional opinion that trial counsel did all that could reasonably be expected and that his representation did not deprive a defendant of a viable defense or reduce the trial to a farce or a sham, there is no compulsion on appellate counsel to carry out his client's perhaps capricious whims by presenting issues which to him, from an objective professional viewpoint, lack

merit. (1) Under Feggans, he need only present issues which he considers arguable, not issues which his client considers arguable. If the client is unhappy, the client can address himself to the court with a request to file a supplemental brief: People v. Eckstrom, supra, at 1000-1002.

At the November 16 hearing in the instant case, this court examined defendant's petition, listened to defendant, listened to defendant's attorney, examined the matter very carefully to see whether there was any basis whatsoever for the appointment of a new attorney to advance a claim of ineffective representation but could find no such basis. To throw in the towel and completely surrender in every situation where defendants ask for another counsel merely to create another issue would not in any sense be advancing the cause of justice but would continue the debilitating path that our current system seems to be following. (And, if there is any doubt as to the validity of this latter statement, it is urged that an examination of the statistical summaries of the civil program and the major felony program in addition to the homicide program of this court system be undertaken to see how we are swimming against a tide of new cases that threatens to sweep us all out into the ocean of interminable delay and injustice to all parties concerned.)

For the foregoing reasons, this court urges the appellate court that will consider this matter not to remand this matter for the appointment of new counsel, which would only result in a fruitless examination of a record devoid of any evidence of ineffective representation, and would cause a further delay and lack of finality to this case.

ATTACHMENTS TO OPINION
(See footnote in opinion)

COMMONWEALTH OF PENNSYLVANIA * IN THE COURT OF COMMON PLEAS

JAN 7 198 PHILADELPHIA COUNTY, PA.

- V. -

CLERK OF QUARTER SESSIONS

Richard R. Mitchum-EL
PETITIONER PRO SE:
80-1151

TERM, 8009      198

C.P.

BILL NO. # 2483-2486

---

### R U L E
**\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \***

AND now, to wit, this      day of      , 198 , upon considera-

tion of the within petition for _Motion for Withdrawal of Counsel, Inter Alia_

_Ineffective Assistance of Counsel._  A rule is hereby issued directing the District

Attorney of Philadelphia to show cause, if any there may be, why the relief re-

requested in the prayer of petition should not be granted.

It is hereby ordered that petitioner be permitted to proceed in Forma

Pauperis and is without being required to pay fees and costs of all orders is to

be given to the Clerk of Quarter Sessions, Sheriff of Philadelphia County, District

Attorney, and Petitioner.

Rule returnable the      day of      , 198 , at      O'clock

in Courtroom      , City Hall, Philadelphia, Pennsylvania.

BY THE COURT:

Dated:      , 198      _____ J.

COMMONWEALTH OF PENNSYLVANIA * IN THE COURT OF COMMON PLEAS

* 

* PHILADELPHIA COUNTY, PA.

- V. -

*

* TERM, 8009   198

Richard R. Mitchum-EL. *
PETITIONER PRO SE:

* BILL NO. # 2483-2486

*

*

O R D E R
* * * * * * * * * * * * * * * *

AND now, to wit, this _____ day of _____ 198 , upon

consideration of the annexed petition and on the Motion for Withdrawal of

Counsel, Inter Alia Ineffective Assistance of Counsel, pro se:

It is further ORDERED that the Petitioner's Motion for Withdrawal

of Counsel, Inter Alia Ineffective Assistance of Counsel, is hereby granted.

BY THE COURT:

_____
                                                                    J.

Dated: _____ , 198

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | " | IN THE COURT OF COMMON PLEAS |
| | " | |
| - V. - | " | PHILADELPHIA COUNTY, PA. |
| | " | |
| | " | |
| _Richard R. Mitchum-el_, | " | TERM, 8009  198 |
| PETITIONER PRO SE: | " | |
| | " | BILL NO. # 2483-2486 |
| | " | |
| | " | CHARGE: |

================================================

MOTION FOR WITHDRAWAL OF COUNSEL
INTER ALIA INEFFECTIVE ASSISTANCE OF COUNSEL
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

TO:  THE HONORABLE PRESIDENT JUDGE AND/OR THE HONORABLE AD-
MINISTRATIVE JUDGE OF THE ABOVE SAID CAPTIONED COURT:

JURISDICTION: is invoked under the United States, and Pennsylvania
State Constitutions, six (6) Amendments (rights of the accused); which is
embodied in the fourteenth (14) Amendment Right (Citizens' due process and
equal protection of the law).

1.    Now comes _Richard R. Mitchum-el_, Petitioner pro se who
deposes and says he is the petitioner herein and a citizen of these United
States, and of legal age respectfully submits this brief motion for withdrawal
of his counsel.  Petitioner truthfully testifies as to his rights to relief under
the existing laws governing the Commonwealth of Pennsylvania.

2.    Pursuant to the authority contained in Pa. R. Crim. P. Rule 316
(c) (ii).

A motion for change of counsel by the defendant to whom counsel has been assigned, shall not be granted except for substantial reason.

3.  The Petitioner avers that his motion for withdrawal of defense counsel, Mr. *Seymore Johnson, Jr.*, Esquire is based upon counsel's ineffective assistance, which is indeed in violation of Professional Responsibility, Pa. R. Crim. P. Canon DR. 7-1., EC. 6-1 and EC. 6-2.  Also see Washington v. Maroney, 427 Pa. 599, 604, 235 A. 2d 349 (1967).  Therefore petitioner respectfully submits allegation in his argument; petitioner "prays" that this Honorable Court grant him the requested relief.

## ARGUMENT

DEFENDANT DID NOT HAVE THE BENEFIT OF EFFECTIVE ASSISTANCE OF COMPETENT COUNSEL

The standard of determining constitutionally ineffective assistance of counsel was set forth by our Supreme Court in Commonwealth ex rel Washington v. Maroney, 427 Pa. 599, 235 A. 349 (1967).

1.

Petitioner, forever "prays" that this Honorable Court act in the best interest of justice and grant him an evidentiary hearing to determine counsel's effective assistance.

s/_____
  Defendant, pro se

LC - 9c                                    -2-